FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DEPUY SYNTHES SALES, INC., a
Massachusetts corporation; JONATHAN
L. WABER, an individual,
*Plaintiffs-Appellees*,

v.

HOWMEDICA OSTEONICS CORP.,
*Defendant-Appellant*,

and

STRYKER CORPORATION, a Michigan
corporation,
*Defendant*.

No. 21-55126

D.C. No.
5:18-cv-01557-
FMO-KK

OPINION

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted November 18, 2021
Pasadena, California

Filed March 14, 2022

Before:  Richard Linn,* Jay S. Bybee, and Mark J. Bennett,
Circuit Judges.

Opinion by Judge Linn

## SUMMARY**

### Forum-Selection Clause / Transfer

The panel affirmed the district court's order denying transfer under 28 U.S.C. § 1404(a); and affirmed the grant of partial summary judgment to DePuy Synthes Sales, Inc. and Jonathan Waber because the district court did not err in holding the forum-selection, non-compete and non-solicitation clauses in an employment contract void under California law.

Waber was hired by Howmedica Osteonics Corp., and signed an employment contract with Howmedica's parent company, Stryker Corporation.  The contract included a restrictive one-year non-compete clause and forum-selection and choice-of-law clauses requiring adjudication of contract disputes in New Jersey.  Waber left Stryker to work at DePuy, a Howmedica competitor.

The panel first addressed the threshold jurisdictional issue.  Howmedica was not a party to the case when Stryker's motion to dismiss or transfer was decided.  The

---

* The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

panel held that as the actual employer that participated in the proceedings to enforce its parent corporation's forum-selection clause, Howmedica had a right to appeal the adverse decision of the district court on that issue. Moreover, Howmedica properly became a party to this litigation in the district court case, albeit after the district court denied the motion to transfer. The panel concluded there was jurisdiction to hear Howmedica's appeal under 28 U.S.C. § 1201.

The panel considered whether federal or state law governed the validity of a forum-selection clause. The panel held that the state law applicable here, Cal. Labor Code § 925(b), which grants employees the option to void a forum-selection clause under a limited set of circumstances, determined the question of whether Waber's contract contained a valid forum-selection clause. Section 925 as applied by the district court here is not a rule of state law that removed all discretion from a federal court on questions of venue. Rather, the provisions in § 925 circumscribing the kinds of employment agreements permitted and allowing parties unrepresented by counsel to void a forum-selection cause under certain circumstances relate to the terms of the agreement between the parties and, at least to that extent, are contrary to or within the scope of 28 U.S.C. § 1404(a). Waber's voiding of the forum-selection clause in his employment contract under § 925(b) excised the forum-selection clause from the agreement as presented to the district court. The panel held that § 1404(a) and *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), did not broadly preempt all state laws controlling how parties may agree to or void a forum-selection clause.

Having found that Waber satisfied all the prerequisites of § 925 and effectively voided the forum-selection clause

under § 925(b), the district court turned to the traditional § 1404 factors under *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13 (1972), and held they favored denial of transfer.  The panel held there was no error in applying the California choice-of-law rules here where there was no valid forum-selection clause.  The panel rejected Howmedica's challenges. There was no error in the district court's consideration of § 925 as part of its transfer analysis. Howmedica was incorrect when it asserted that *Bremen* was inapplicable to adjudication of § 1404(a) motions because *Stewart* limited *Bremen* to the context of *forum non conveniens* rather than transfer.  Finally, the district court did not abuse its discretion in finding that the forum-selection clause was void and unenforceable and that the modified *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62 n.5 (2013), analysis was thus inapplicable.  The panel found no reason to question or overturn the district court's analysis or its denial of Howmedica's motion to transfer.

The panel held that Howmedica presented no persuasive reason to overturn the district court's ruling of partial summary judgment in favor of DePuy and Waber that the forum-selection, non-compete and non-solicitation clauses were void under California law.

## COUNSEL

Robert J. Carty, Jr. (argued), Nichols Brar Weitzner & Thomas, LLP, Houston, Texas; Michael D. Wexler, Seyfarth Shaw, LLP, Chicago, Illinois; Robert B. Milligan, Seyfarth Shaw, LLP, Los Angeles, California; John P. Phillips, Seyfarth Shaw, LLP, Houston, Texas; for Defendant-Appellant.

Anthony B. Haller (argued), Blank Rome, LLP, Philadelphia, Pennsylvania; Leigh Ann Buziak, Blank Rome, LLP, Philadelphia, Pennsylvania; Jeffrey Rosenfeld, Blank Rome, LLP, Los Angeles, California; for Plaintiffs-Appellees.

**OPINION**

LINN, Circuit Judge:

Howmedica Osteonics Corp. ("HOC") appeals from the denial by the United States District Court for the Central District of California of HOC's motion to transfer this case to the District of New Jersey based on a forum-selection clause in an employment contract between Jonathan L. Waber ("Waber"), a California resident, and HOC's parent company, Stryker Corporation ("Stryker"). HOC also appeals from the district court's ruling that the forum-selection, non-compete and non-solicitation clauses in Waber's contract were void under California law and from the district court's consequent grant of partial summary judgment in favor of DePuy Synthes Sales, Inc. ("DePuy") and Waber. Because the district court did not abuse its discretion in denying transfer under 28 U.S.C. § 1404(a), we affirm the denial of HOC's transfer motion. Because the district court did not err in holding the forum-selection, non-compete and non-solicitation clauses void under California law, we affirm the grant of partial summary judgment.

I

A

In September 2017, Waber was hired by HOC as a Joint Replacement Sales Associate for the Palm Springs and Palm

Desert areas and signed an employment contract nominally with HOC's parent, Stryker. That contract included a restrictive one-year non-compete clause and forum-selection and choice-of-law clauses requiring adjudication of contract disputes in New Jersey.[1]

On July 1, 2018, Waber left Stryker to work at DePuy, an HOC competitor, serving the same region he previously serviced for Stryker in apparent violation of the non-compete clause. On July 17, 2018, Stryker threatened enforcement of the non-compete clause and soon thereafter sent Waber a cease-and-desist letter that threatened legal action. On July 23, 2018, Waber sent Stryker a notice stating that he was exercising his right to void the forum-selection and choice-of-law clauses under California Labor Code § 925. That statute forecloses certain contracts with California employees and renders such agreements "voidable by the employee" under specified conditions. The key provisions read:

> (a) An employer shall not require an employee who primarily resides and works in California, as a condition of

---

[1] The key provision, § 8.2, reads:

"8.2 Governing Law and Venue. Although I may work for Stryker in various locations, I agree and consent that this Agreement shall be interpreted and enforced as a contract of [New Jersey] ... and shall be interpreted and enforced in accordance with the internal laws of that state without regard to its conflict of law rules. In such circumstance, *I agree and consent that any and all litigation between Stryker and me relating to this Agreement will take place exclusively* [in New Jersey] . . . ." (emphasis added).

employment, to agree to a provision that would do either of the following:

(1) Require the employee to adjudicate outside of California a claim arising in California.

(2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

(b) Any provision of a contract that violates subdivision (a) *is voidable by the employee*, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute.

. . .

(e) This section shall not apply to a contract with an employee who is in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the employment contract may be adjudicated or the choice of law to be applied.

Cal. Lab. Code § 925 (emphasis added).

B

Having purported to void the forum-selection and choice-of-law clauses, DePuy and Waber, through shared counsel, filed a preemptive declaratory judgment action in the United States District Court for the Central District of California, seeking a ruling that the forum-selection and choice-of-law clauses were void under § 925, that California law governs the dispute, that the non-compete clause was void as a violation of California Business and Professions Code § 16600,[2] and that DePuy was not subject to a tortious interference claim.  In response, Stryker, seeking to enforce the forum-selection clause, filed a motion to dismiss under 28 U.S.C. § 1406 or to transfer to the United States District Court for the District of New Jersey under § 1404(a).

In addressing Stryker's motion, the district court, guided by *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–13 (1972) ("Bremen") and *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62 n.5 (2013), began by considering whether there was a contractually valid forum-selection clause in Waber's contract.  To answer that question, the district court turned to California state law, specifically

---

[2] California Business & Professions Code § 16600 reads:

> Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.

California courts have said that "section 16600 prohibits employee noncompetition agreements unless the agreement falls within a statutory exception." *Edwards v. Arthur Andersen LLP*, 189 P.3d 285, 288 (Cal. 2006).  There is no dispute on appeal that no statutory exception applies.

§ 925. Because Waber satisfied all the prerequisites in § 925, the district court concluded that the forum-selection clause "shall not be enforced" under state law. Having found the forum-selection clause unenforceable, the district court applied the factors normally considered by courts in deciding transfer motions under § 1404(a) and found both the private factors—including the Plaintiff's choice of forum and the convenience to the parties—and the public factors—including familiarity with governing law and California's local interest manifest in its strong public policy against enforcing out-of-state forum-selection clauses as reflected in § 925—to weigh against transfer. The district court therefore denied Stryker's motion.

Thereafter, DePuy added HOC as a defendant and amended the complaint, repeating the allegations of invalidity of the forum-selection, choice-of-law, and non-compete clauses, deleting the request for relief from the tortious interference claim, and requesting injunctive relief and attorney fees. The district court followed much of the same reasoning it relied on in its denial of HOC's motion to transfer or dismiss and held that § 925 rendered the forum-selection and choice-of-law clauses "void and unenforceable." Applying California law, the district court granted partial summary judgment in favor of DePuy and Waber, holding that § 925 and § 16600 rendered the forum-selection, non-compete and non-solicitation clauses in Waber's contract void and unenforceable. The only issue of material fact left undecided was whether Stryker and HOC were joint employers.

The parties then filed a joint stipulation that dismissed Stryker with prejudice as the wrong party, agreeing that this would not prejudice HOC's and Stryker's rights to appeal. That resolved the final fact issue. The district court

thereafter entered final judgment in favor of DePuy and Waber. HOC appealed both the order denying transfer and the judgment.

## II

## A

We first address the threshold question of our jurisdiction over this appeal. DePuy notes that HOC was not a party to the case on February 5, 2019, when Stryker's Motion to Dismiss or Transfer was decided and that based on the stipulation entered into by the parties, Stryker has since been dismissed from the case. While DePuy "takes no position for or against jurisdiction here" pursuant to the parties' stipulation, we are obligated to consider our own jurisdiction independently of the parties' stipulation. *See Bank of N.Y. Mellon v. Watt*, 867 F.3d 1155, 1157 (9th Cir. 2017).

It is uncontested that HOC participated in the litigation and filed its notice of appearance with an explanation that HOC was "improperly named as Stryker Corporation" and that HOC was the true party in interest. As HOC explained, and DePuy has not contested, "HOC is a wholly-owned subsidiary of Defendant Stryker Corporation. Because HOC employed Waber at the time of his resignation, it is the correct party to this action." HOC further explained that although the employment contract at the heart of the dispute is between Waber and "Stryker Corporation," the contract defines "Stryker Corporation" to include "subsidiaries, divisions, and affiliates," and HOC is such a subsidiary. As the actual employer that participated in the proceedings to enforce its parent corporation's forum-selection clause, HOC has a right to appeal the adverse decision of the district court on that issue. *See also Devlin v. Scardelletti*, 536 U.S.

1, 7 (2002) (considering the rights of non-named class members, noting that "[w]e have never, however, restricted the right to appeal to named parties to the litigation."); *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1113 (9th Cir. 1999) (allowing appeal by individual investor based on participation in the district court, pro se participation, and formal objections to determinations).

Moreover, HOC properly became a party to this litigation in the district court case, albeit after the district court denied the motion to transfer. We are aware of no authority requiring a party to join the litigation prior to a decision on a motion in order to appeal the final ruling on the issue addressed by that motion. And even if HOC's official joinder into the case after the district court's February 5, 2019 decision were deemed to preclude its appeal of that decision, HOC was a party at the time of the district court's partial summary judgment decision, which also addressed the transfer issue.

For these reasons, we have jurisdiction to hear HOC's appeal under 28 U.S.C. § 1291.

B

We review the district court's denial of transfer under 28 U.S.C. § 1404(a) for an abuse of discretion.[3] *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "A district court abuses its discretion if it does not apply the correct law . . . ." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

---

[3] HOC does not separately challenge the district court's denial of dismissal under § 1406.

We review legal issues, including statutory interpretation, de novo. *Wash. Pub. Utils. Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 324 (9th Cir. 1987). We review factual findings for clear error. *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002). We review the district court's grant of summary judgment de novo. *Oswalt v. Resolute Indus.*, 642 F.2d 856, 859 (9th Cir. 2011).

III

A

HOC challenges the district court's denial of its motion to transfer, arguing that the district court failed to follow *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), should have found the forum-selection clause enforceable under federal law, should have applied the analysis required by *Atlantic Marine*, and should have transferred the case to the District of New Jersey. HOC frames the majority opinion in *Stewart* as a wholesale rejection of Justice Scalia's position in his dissent that state law governs the validity of a forum-selection clause, holding instead that § 1404(a) preempts any state law—like § 925— that would render a previously agreed-to forum-selection clause void or unenforceable. HOC thus contends that the district court abused its discretion by applying § 925 to invalidate the forum-selection clause and deny its motion to transfer. HOC does not contest that Waber's employment agreement is governed by state contract formation law, but argues that only general contract law, rather than any state law directed specifically to forum-selection clauses, can render such a clause invalid and avoid the modified *Atlantic Marine* analysis.

DePuy and Waber argue that in reason and result *Stewart* should not be read as broadly as HOC contends. They contend that *Stewart* does not occupy the entire landscape of state contract law related to the validity and enforcement of forum-selection provisions and dealt with a narrower issue—whether a district court's categorical denial of a § 1404(a) motion to transfer based on Alabama law was an abuse of discretion. According to Depuy and Waber, § 925 operates at the level of how agreements are made and voided, before the venue question addressed by § 1404(a). Depuy and Waber argue that *Bremen*, *Stewart*, and *Atlantic Marine* assumed the presence of a valid forum-selection clause, rather than addressing how forum-selection clauses are made or voided. DePuy and Waber consider HOC's contention that *Stewart* preempted all consideration of state law on questions of party agreement and validity of the forum-selection clause to be unsupported and unsustainable.

DePuy and Waber assert that while the *enforceability* of a forum-selection clause in a federal court is a well-established matter of federal law in this Circuit following *Bremen, see Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914–15 (9th Cir. 2019); *Jones*, 211 F.3d at 497; *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988), the validity of such a clause—like any other contract clause—is a threshold issue governed by state law. DePuy and Waber argue that while this court has not spoken to whether state or federal law applies to the validity of a forum-selection clause, at least two district courts in this circuit have applied § 925 to determine the validity of a forum-selection clause in deciding transfer motions under §1404(a). *See Pierman v. Stryker Corp.*, No. 3:19-cv-00679-BEN-MDD, 2020 WL 406679, at *3–4 (S.D. Cal. January 24, 2020); *Friedman v. Glob. Payments, Inc.*, No. CV 18-3038 FMO, 2019 WL 1718690, at *3 (C.D. Cal.

February 5, 2019).   DePuy and Waber also assert that applying state law to determine the validity of a forum-selection clause is consistent with federal courts' treatment of the validity of arbitration agreements.  *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter . . . courts generally . . . should apply ordinary state-law principles that govern the formation of contracts."). DePuy and Waber further argue that Waber's voiding of the forum-selection clause under § 925 effectively excised the forum-selection clause from the contract and fully justified the district court's refusal to apply the modified *Atlantic Marine* analysis and denial of HOC's motion to transfer.

B

For decades, courts in the United States frowned upon forum-selection clauses.   That all changed when the Supreme Court in an admiralty case applied the common law doctrine of *forum non conveniens* and held that forum-selection clauses are presumptively valid and should be enforced unless "enforcement would be unreasonable and unjust, or . . . the clause [is] invalid for such reasons as fraud or overreaching."  *Bremen*, 407 U.S. at 15.  Several years after *Bremen*, the Supreme Court in *Stewart* once again addressed the force of a forum-selection clause, this time deciding what law governs transfer motions in a federal court sitting in diversity.

In *Stewart*, the plaintiff, alleging breach of contract, brought suit in the United States District Court for the Northern District of Alabama notwithstanding the presence of a forum-selection clause electing a New York court for any dispute arising out of the contract.  *Stewart*, 487 U.S. at 24.  The defendant responded by moving to transfer to New York under § 1404(a) or to dismiss under § 1406 pursuant to

the forum-selection clause.  *Id.*  The district court denied transfer, applying an Alabama policy described in an Alabama Supreme Court decision:

> [C]ontractual agreements by which it is sought to limit particular causes of action which may arise in the future to a specific place, are held invalid.

*See Redwing Carriers, Inc. v. Foster*, 382 So.2d 554, 556 (Ala. 1980) (quoting 6 A.L.R.2d § 4, p. 306 (1957)).  The Court explained that § 1404(a) represented Congress' mandated standard for venue transfer analysis, one that required a "flexible and individualized" analysis of multiple factors including the presence of the forum-selection clause. *Stewart*, 487 U.S. at 29–31.  The Supreme Court made it a point to note that Alabama's policy, unlike the flexible and individualized approach required under federal law, was a "categorical policy disfavoring forum-selection clauses"—a rule of decision setting the weight a court was required to assign to a forum-selection clause.  *Id.* at 30–31.  Because § 1404(a) already controls the standard by which a federal court must analyze transfer, the Alabama policy had to give way to federal supremacy.  *Id.* at 30 (explaining that a federal court considering a transfer motion must "integrate the factor of the forum-selection clause into its weighing of considerations as prescribed by Congress" in § 1404(a) rather than apply "Alabama's categorical policy disfavoring forum-selection clauses); *id.* (holding that a federal court cannot honor a state law that "refuse[s] to enforce forum-selection clauses providing for out-of-state venues as a matter of state public policy."); *id.* at 31 ("The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no

consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a)."). In other words, Alabama law could not set the weight a federal court must give to an extant forum-selection clause because § 1404(a) already requires consideration of an extant forum-selection clause in the transfer analysis.

Following *Stewart*, the Supreme Court once again had an opportunity to address venue and transfer issues in *Atlantic Marine*. In that case, the Supreme Court noted that while a determination under § 1404(a) ordinarily requires consideration and balancing of several recognized private and public interest factors, the existence of a forum-selection clause in a contract alters the usual transfer analysis and calls for the consideration of modified public and private interest factors. *Atl. Marine*, 571 U.S. at 62–63. Specifically, the Supreme Court held that in the presence of a valid forum-selection clause, courts should give plaintiff's choice of forum "no weight," should deem the parties' private interest factors "to weigh entirely in favor of the preselected forum," and should apply the choice-of-law rules of the preselected forum. *Id.* at 63–65. This is referred to as the modified *Atlantic Marine* analysis. The court noted that its application of the modified *Atlantic Marine* analysis "presupposes a contractually valid forum-selection clause." *Id.* at 62 n.5.

C

While concerns over the enforceability of a forum-selection clause and the law governing venue have thus been resolved, the question remains as to whether federal or state law governs the validity of a forum-selection clause.[4]   A

---

[4] Our sister circuits have recognized that the Supreme Court did not answer whether state or federal law governs the validity of a forum-

number of district courts, including several in this circuit, have ruled that state law governs the *validity* of a forum-selection clause just like any other contract clause.[5] We hold that the state law applicable here, § 925(b), which grants employees the option to void a forum-selection clause under a limited set of circumstances, determines the threshold

---

selection clause. *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301 (5th Cir. 2016) ("*Atlantic Marine* thus did not answer under what law forum-selection clauses should be deemed invalid—an issue that has long divided courts." (citations omitted)); *In re Union Elec. Co.*, 787 F.3d 903, 906–07 (8th Cir. 2015) (noting that *Atlantic Marine* "assumed the existence of a valid forum-selection clause . . . thereby providing no direct holding as to when such clauses should be deemed invalid"); *Lambert v. Kysar*, 983 F.2d 1110, 1116 n. 10 (1st Cir. 1993) ("The Supreme Court has yet to provide a definitive resolution of the *Erie* issue, which has divided the commentators and split the circuits." (citation omitted)).

[5] *Pierman*, 2020 WL 406679, at *4 n.4 ("[T]hese matters [of forum-selection clause validity] are fundamentally state law concerns which must be respected by federal courts sitting in diversity under the *Erie* doctrine."); *Glob. Power Supply, LLC v. Acoustical Sheetmetal Inc.*, No. CV 18-3719-R, 2018 WL 3414056, at *2 (C.D. Cal. July 9, 2018) ("Although federal law governs the interpretation and enforcement of forum selection clauses, state law governs contract formation and the interpretation of an agreement's terms.") (quoting *Worldwide Subsidy Grp., LLC v. Fed'n Int'l De Football Ass'n*, No. 14-00013 MMM, 2014 WL 12631652, at *14 (C.D. Cal. June 9, 2014)); *Whipple Indus., Inc. v. Opcon AB*, No. CV-F-05-0902 REC SMS, 2005 WL 2175871, at *1 n.2 (E.D. Cal. Sept. 7, 2005) ("[T]he issue of the existence of [a] forum selection clause . . . is decided according to state contract law."); *Kellerman v. Inter Island Launch*, No. 2:14-cv-01878-RAJ, 2015 WL 6620604, at *3 (W.D. Wash. Oct. 30, 2015) ("To determine the enforceability of a forum selection clause, a federal court must ask whether a contract existed under state law.").

question of whether Waber's contract contains a valid forum-selection clause.[6]

Section 925 includes three provisions relevant here. First, § 925(a) prohibits employers from requiring California employees to agree to litigate disputes outside California and to give up the protection of California laws.  Second, § 925(b) protects a California employee who is not represented by counsel from being bound by such a provision and gives them the right to declare that provision void.  Third, § 925(e) specifies that the first two provisions do not apply to any California employee who is represented by counsel when signing the agreement.  Such an employee is free to negotiate whatever forum-selection clause they want.  Unlike the Alabama policy at issue in *Stewart*, § 925 as applied by the district court here is not a rule of state law that would remove all discretion from a federal court on questions of venue.  Rather, the provisions in § 925 circumscribing the kinds of employment agreements permitted and allowing parties unrepresented by counsel to void a forum-selection clause under certain circumstances relate to the terms of the agreement between the parties and, at least to that extent, are not contrary to or within the scope of § 1404(a).  As discussed, *infra*, Waber voided the forum-selection clause in his employment contract under § 925(b). Waber's voiding of that provision excised the forum-selection clause from the agreement as presented to the district court.

HOC argues that § 1404(a), as interpreted by *Stewart*, preempts § 925 and renders Waber's voiding of the forum-

---

[6] We need not decide whether state law would govern validity of a forum-selection clause that had not been voided and is before the district court for consideration in the transfer analysis.

selection clause ineffective.  But nothing in § 1404(a) relates to questions of contract formation or a party's unilateral withdrawal of consent to a provision, and nothing in *Bremen*, *Stewart*, *Atlantic Marine* or any other Supreme Court decision creates a federal rule of contract law that preempts a state law like § 925 from addressing the upstream question of whether the contract sought to be enforced includes a viable forum-selection clause.  HOC overreads the *Stewart* majority decision as preempting all state laws relating to forum-selection clauses.  That is not what the Supreme Court did.

The Supreme Court in *Stewart* did not adopt a sweeping rule of preemption of all state laws relating to forum-selection including issues of contract formation and voidability between the parties.  Instead, the Court simply held that, on matters of venue in federal court, § 1404(a) governed and took primacy over any state law purporting to set a categorical rule within the scope of § 1404(a).  The Supreme Court recognized that the question before it was to assess the effect of the Alabama law on an existing and presumptively valid forum-selection clause.  *Stewart*, 487 U.S. at 29 ("[T]he first question for consideration should have been whether § 1404(a) itself controls respondent's request *to give effect* to the parties' *contractual choice of venue* and transfer this case to a Manhattan court" (emphases added)); *id.* at 32 ("We hold that federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to *give effect to the parties' forum-selection clause* and transfer this case to a court in Manhattan." (emphasis added)); s*ee also Atl. Marine*, 571 U.S. at 58 (explaining *Stewart*'s holding similarly).

HOC argues that its position on preemption is supported by *Stewart*'s statement that its determination under

§ 1404(a) renders it "unnecessary to address the contours of state law." *See Stewart*, 487 U.S. at 30 n.9. This quote does not support HOC's sweeping contention. This footnote addressed the question of enforcement of a forum-selection clause in the transfer analysis itself and explained that Alabama's policy against enforcement need not be considered in light of the Court's determination that the analytical standard for transfer in the federal court is § 1404(a).

HOC next argues that *Stewart*'s footnote 10 stands for the broad proposition that any state law voiding a forum-selection clause that "makes the applicability of a federal statute depend on the content of state law" is necessarily preempted. *See id.* at 31 n.10. Again, HOC's argument cannot be sustained. In this footnote, the majority rejected the dissent's position that "if the forum-selection clause would be *unenforceable* under state law, then the clause cannot be accorded any weight by a federal court." *Id.* The point the majority was making was simply that any state law that would prohibit the multi-factor analysis required by § 1404(a) must give way to the federal law. *Id.* ("[A] State cannot pre-empt a district court's *consideration* of a forum-selection clause . . . by holding the clause automatically void." (emphasis added)).

Finally, HOC broadly contends that, under *Stewart*, once the parties agree to a forum-selection clause, that agreement is locked in by § 1404(a). Again, nothing in *Stewart* supports such an expansive view. The majority in *Stewart* repeatedly presumed the validity of the forum-selection clause and nowhere addressed the effect of any state law like § 925 that permits a party to unilaterally void a forum-selection clause agreed to without the assistance of counsel.

For the foregoing reasons, we hold that §1404(a) and *Stewart* do not broadly preempt all state laws controlling how parties may agree to or void a forum-selection clause.

## D

Here, the district court found that Waber satisfied all the prerequisites of § 925 and effectively voided the forum-selection clause under § 925(b).  Having found that the forum-selection clause was void, the district court turned to the traditional § 1404 factors under *Bremen*.  It found that the "plaintiff's choice of forum weighs heavily against transfer," as does the convenience of the parties.  It also found that the familiarity of the forum with California laws slightly favors denial of transfer.  The district court additionally found that § 925 represented California's strong public policy in adjudicating this action in California and "preventing contractual circumvention of its labor laws." (quoting *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, 2018 WL 5809428, at *7 (N.D. Cal. Nov. 6, 2018)).

HOC argues that the district court erred by applying California's choice-of-law rules because *Atlantic Marine* requires applying the choice-of-law rules of the forum selected by the parties.  *See Atl. Marine*, 571 U.S. at 64–65. The parties' chosen choice-of-law rules, like the remainder of the modified *Atlantic Marine* analysis, are applied only in the presence of a valid forum-selection clause.  *See id.* at 62 n.5.  We see no error in applying the California choice-of-law rules here.  *Id.* at 65 ("A federal court sitting in diversity

ordinarily must follow the choice-of-law rules of the State in which it sits.").[7]

HOC argues that the district court, by declining to enforce the forum-selection clause, abused its discretion for three reasons.  First, HOC argues that state law is irrelevant to the determination of enforcement of a forum-selection clause under § 1404.  As noted, *supra*, HOC is incorrect that *Stewart* prohibits a federal court from considering the state public policy in deciding a § 1404(a) motion.  The majority in *Stewart* only prohibited categorically "focusing on a single concern or a subset of the factors identified in § 1404(a)," like the Alabama law required.  487 U.S. at 31.  That § 1404(a), rather than state law, controls the enforcement inquiry does not imply that state law is necessarily irrelevant as one of the multiple factors to consider under § 1404(a).  Indeed, the statutory text requires consideration of "the interest of justice," which, in this circuit, includes "the relevant public policy of the forum state."  *Jones*, 211 F.3d at 499 & n.21.  *See also Sun v. Adv. China Healthcare, Inc.*, 901 F.3d 1081, 1088–90 (9th Cir. 2018) (considering, after *Atlantic Marine*, whether enforcement of a forum-selection clause "would contravene a strong public policy of the forum" in determining what constitutes an "exceptional reason" or "extraordinary circumstances" sufficient to avoid enforcement of the forum-selection clause) (quoting *Bremen*, 407 U.S. at 15).  Consistent with *Stewart*, "the public policy of the forum state is not dispositive in a § 1404(a) determination, but, rather, it is another factor that should be weighed in the court's § 1404(a) 'interest of justice' analysis."  *Jones*, 211 F.3d at 499 n.21.  The district court here did not rely exclusively on

---

[7] HOC does not argue that New Jersey choice-of-law rules should apply except via application of the modified *Atlantic Marine* analysis.

California's public policy to deny transfer, but correctly analyzed it as one of the multiple § 1404(a) factors. We discern no error in the district court's consideration of § 925 as part of its transfer analysis.

Second, HOC argues that *Bremen* is inapplicable to adjudication of § 1404(a) motions because *Stewart* limited *Bremen* to the context of *forum non conveniens* rather than transfer. *See Stewart*, 487 U.S. at 28–29 (noting that the first question the district court and circuit court should have asked was "whether § 1404(a) itself controls respondent's request to give effect to the parties' contractual choice of venue" rather than asking "whether the forum selection clause in this case is unenforceable under the standards set forth in *Bremen*."). HOC is incorrect. When the Supreme Court rejected the Eleventh Circuit's framing of the question as enforceability under *Bremen*, it did so to focus on the preliminary question of whether § 1404(a) or the categorical Alabama analysis applied in the first place. The Supreme Court in *Atlantic Marine* made clear that "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum," applying the same balancing of interests standard for both § 1404(a) and *forum non conveniens*. *Atl. Marine*, 571 U.S. at 61.

Third, HOC argues that even if *Bremen* applies, the district court abused its discretion by denying transfer because § 925 represents an even weaker public policy than the policy embodied in the Alabama law in *Stewart.* HOC contends that the district court should have applied the modified *Atlantic Marine* factors. DePuy and Waber respond that the *Bremen* analysis "controls the enforcement of forum clauses in diversity cases," *Manetti-Farrow*, 858 F.2d at 513, and that this court has repeatedly held forum-

selection clauses unenforceable as violating forum state public policy, *see, e.g., Doe 1 v. AOL LLC,* 552 F.3d 1077, 1084 (9th Cir. 2009) (per curiam); *Jones*, 211 F.3d at 497–98. DePuy and Waber argue that the district court did not abuse its discretion in finding that the forum-selection clause was void and unenforceable and that the modified *Atlantic Marine* analysis is thus inapplicable. We agree with DePuy and Waber.

In *Atlantic Marine*, the Court explained the procedure for addressing § 1404(a) motions in the absence of a forum-selection clause: "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." 571 U.S at 62–63; *see Gemini*, 931 F.3d at 914–15 (recognizing that "*Bremen* continues to provide the law for determining the validity and enforceability of a forum-selection clause"). The district court here considered these factors in its analysis. HOC does not argue that the balance of private or public factors separate from the enforcement of the forum-selection clause required the district court to grant the transfer motion, and we see no reason to question or overturn the district court's analysis or its denial of HOC's motion to transfer.

IV

HOC also appeals from the district court's ruling on summary judgment in favor of DePuy and Waber that the forum-selection, non-compete and non-solicitation clauses were void. The district court, in ruling on the cross-motions for summary judgment, found that the forum-selection clause satisfied all the prerequisites for voidability under § 925 and was properly voided by Waber. It also found the forum-selection and non-compete clauses unenforceable as

contrary to California public policy as expressed in § 925 and § 16000.  Beyond the argument we have already rejected that *Stewart* preempts consideration of § 925, HOC presents no persuasive reason for us to overturn the district court's ruling of partial summary judgment.

V

In conclusion, because the district court did not abuse its discretion in denying transfer under 28 U.S.C. § 1404(a), we affirm the denial of HOC's transfer motion.  Furthermore, because the district court did not err in holding the forum-selection, non-compete and non-solicitation clauses void under California law, we affirm the grant of partial summary judgment and the entry of judgment in favor of DePuy and Waber.