**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COMPLETE MEDICAL SALES, INC.,
DBA Complete Medical Services, Inc.,

Plaintiff-Appellant,

v.

GENORAY AMERICA, INC.,

Defendant-Appellee.

No.   21-56390

D.C. No.
8:20-cv-01277-SB-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted December 7, 2022
Pasadena, California

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.

Plaintiff-Appellant Complete Medical Sales ("CMS") appeals the district

court's grant of partial summary judgment and its entry of judgment, following a

bench trial, in favor of Genoray America, Inc. ("Genoray") in this diversity action

alleging breach of an exclusive distribution agreement (the "Agreement").  We

have jurisdiction under 28 U.S.C. §§ 1291 and 1332.  We review the grant of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

partial summary judgment de novo. *DePuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.*, 28 F.4th 956, 961 (9th Cir. 2022). Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo. *See VIP Prods. LLC v. Jack Daniel's Props., Inc.*, 953 F.3d 1170, 1173 (9th Cir. 2020). We reverse for clear error only when we are "left with a definite and firm conviction that a mistake has been committed." *Resner v. Arctic Orion Fisheries*, 83 F.3d 271, 273 (9th Cir. 1996) (quotation omitted). We affirm.

1.      The district court did not err in finding that the plain, unambiguous language of the Agreement did not provide for automatic renewal after the Agreement's five-year term. The body of the Agreement did not mention "automatic renewal" but provided that "[u]pon expiration of the initial term, this Agreement *shall be reviewed* for additional five (5) year renewal by both parties." (Emphasis added.) The district court's determination that the Agreement did not automatically renew gave meaning to the terms of the Agreement and "harmonize[d] potentially conflicting terms." *Village of Edmore v. Crystal Automation Sys.*, 911 N.W.2d 241, 251 (Mich. Ct. App. 2017); *see also Skanska USA Bldg. Inc. v. M.A.P. Mech. Contractors, Inc.*, 952 N.W.2d 402, 408 (Mich. 2020).

2.      We also reject CMS's argument that the district court erred by shifting the burden to CMS to disprove what CMS characterized as Genoray's "affirmative defense" that its sales to World Wide Medical were permitted under an exception

2

in the Agreement.[1]

While the Agreement was in effect, Genoray sold several devices to World Wide Medical. Section 9 provided that "Genoray may . . . continue a limited relationship with its existing distributor, World Wide Medical, after the Effective Date of this Agreement solely for the purpose of collecting and reducing outstanding account balances owed to Genoray." Because CMS had the burden of showing that Genoray breached the Agreement, which included the circumstances specified in Section 9 regarding when a continuing relationship with existing distributors was permitted, the district court reasonably concluded that CMS had the burden of showing that Genoray's sales to World Wide Medical were not allowed under the Agreement. *See Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W.2d 95, 104 (Mich. 2014) (explaining that elements of breach of contract include the existence of a contract, that the other party breached it, and the breach resulted in damages to complaining party); *see also* 3A Mich. Pleading & Practice § 36:242 (explaining that after a breach is established, the defendant has the burden of pleading or proving any affirmative defense that legally excuses performance).

---

[1] This is the only argument that CMS presented in its briefing in relation to its assertion that the district court "clearly erred in determining that Genoray did not make improper sales [to World Wide Medical] in breach of CMS' exclusivity rights." While CMS could, perhaps, have made additional arguments related to this issue, we cannot supply arguments that CMS did not make here or in the district court. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020).

CMS's reliance on *Law Offices of Jeffrey Sherbow, PC v. Fieger & Fieger, PC*, 968 N.W.2d 367 (Mich. 2021), is misplaced. CMS cites this case to support its argument that Genoray had the burden to show, as an affirmative defense, that Section 9 applied to the sales to World Wide Medical. But Section 9 does not fit within the court's description of affirmative defenses under Michigan law. *See id.* at 385–87.

3.     CMS's assertion that the district court clearly erred in determining that "Genoray offered CMS an exclusive option to distribute the OSCAR-15 product and CMS did not exercise the option" is based upon a misstatement of the record. The district court did not find that Genoray offered CMS an exclusivity option. No such finding was necessary because, by its own terms, Section 10 of the Agreement "grant[ed] to CMS, a first option to be the exclusive distributor for any subsequent generation or iterations of the Products."[2] Thus, CMS's arguments based on Genoray's failure to offer it exclusivity are unavailing.

Section 10 further provided that "[u]pon development of such New Products, Genoray shall promptly notify CMS" and CMS "shall have thirty (30) days to exercise its option." The district court found that Genoray notified CMS of the "development" of the OSCAR-15 in May 2016, and that CMS did not timely

---

[2] There is no dispute that the OSCAR-15 was such a product and thus Section 10 applied.

exercise its option. CMS does not challenge either of these findings on appeal. Instead, CMS argues only that Genoray failed to offer CMS exclusivity to distribute the OSCAR-15. By framing the issue in this manner, CMS fails to challenge the district court's dispositive finding that Genoray notified CMS of the "development" of the OSCAR-15 in May 2016, and CMS failed to timely exercise its exclusivity option.

During oral argument, CMS suggested that Genoray could not have provided notice upon the development of the OSCAR-15 until that product was "finished" or "approved." However, CMS has never presented any argument to this court to support this theory or to explain why the district court clearly erred in finding that Genoray provided notice upon development of the OSCAR-15 in May 2016 when it communicated to CMS detailed information and specifications about the device that "would be a replacement for ZEN-7000."

4. The district court properly determined that CMS failed to prove breaches of the Agreement's warranty provisions based on the sale of thirty-eight allegedly non-conforming devices and the damages attributable to those sales. While there is evidence of some issues with some devices, CMS failed to satisfy its burden to show that those issues were attributable to Genoray and failed to connect its claimed damages to particular breaches of warranty. *See Miller-Davis Co.*, 848 N.W.2d at 104 (explaining that damages are an element of breach of contract

claim); *see also Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 706 N.W.2d 843, 852 (Mich. Ct. App. 2005) ("A plaintiff asserting a cause of action has the burden of proving damages with reasonable certainty, and damages predicated on speculation and conjecture are not recoverable.").

5.      The district court did not err in awarding Genoray damages on its counterclaim for CMS's nonpayment for sixteen warranties that it purchased. CMS does not dispute that it ordered, but did not pay for, those warranties. Instead, CMS asserts that the district court erred because the "undisputed evidence" shows that Genoray refused to honor the warranties. The district court, however, rejected this testimony and evidence finding that it lacked credibility. Credibility determinations are the province of the factfinder, and the district court properly considered, among other factors, the witness's "knowledge, interest, and reasonableness." *See Rodriguez v. Holder*, 683 F.3d 1164, 1176 (9th Cir. 2012) ("[A] factfinder may . . . credit one witness's testimony over another's if both have related coherent and facially plausible stories that are not contradicted by extrinsic evidence."); *Miller-Davis Co.*, 848 N.W.2d at 101 (stating that deference is owed to trial court's credibility determinations).

6.      Finally, the district court did not abuse its discretion by transferring this case from the Eastern District of Michigan to the Central District of California. CMS argues that the district court erred by relying on the Dealer Policy to transfer venue

because that Policy was no longer in effect after it expired by its own terms in July 2014. In support of this argument, CMS relies on a provision in the Agreement stating that "CMS agrees to continue Genoray's pricing policy consistent with those prices set forth in the Dealer Policy for a period of one year from Effective Date for Genoray's existing Product distributors" and provides that, "[a]fter one year, Genoray acknowledges and agrees that CMS shall not be bound by any of the terms and conditions, or prices established by Genoray's distributor network."

The district court rejected CMS's argument that the Dealer Policy expired in one year. The district court concluded that the phrasing of the provision "implie[d] that the Dealer Policy is distinct from the provisions established by 'Genoray's distributor network.'" The court further observed that if the parties had intended for the entire Dealer Policy to expire after one year, they would have specifically so stated.[3] CMS has not shown that this conclusion is erroneous.

In a footnote, CMS asserts that there "were many additional" errors in transferring venue.[4] This unsupported assertion is unavailing because "[t]he

---

[3] The district court also observed that CMS's argument that the Dealer Policy expired after one year was inconsistent with its reliance on the Dealer Policy to support its claims. The district court primarily relied on the language of the Dealer Policy; thus, even if this statement is erroneous, it does not undermine the district court's reasoning.

[4] CMS's briefing, however, focuses on its argument that the Dealer Policy had expired. In the district court, CMS suggested that the Dealer Policy was not incorporated into the Agreement. The district court, however, concluded that the "Distribution Agreement specifically incorporates the Dealer Policy," CMS does

summary mention of an issue in a footnote, without reasoning in support of the [party's] argument, is insufficient to raise the issue on appeal." *United States v. Strong*, 489 F.3d 1055, 1060 n.4 (9th Cir. 2007) (citation omitted); *see also Acosta–Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (explaining that issues raised in a brief that are not supported by argument are deemed abandoned).

**AFFIRMED.**

---

not challenge this finding on appeal.  Nor does it renew its argument that the Dealer Policy was not an enforceable forum selection clause.