FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GEMINI TECHNOLOGIES, INC.,
*Plaintiff-Appellant*,

v.

SMITH & WESSON CORP., a Delaware corporation; AMERICAN OUTDOOR BRANDS CORPORATION, a Massachusetts corporation,
*Defendants-Appellees*.

No. 18-35510

D.C. No.
1:18-cv-00035-CWD

OPINION

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted May 13, 2019
Seattle, Washington

Filed July 24, 2019

Before: Michael Daly Hawkins, William A. Fletcher,
and Mark J. Bennett, Circuit Judges.

Opinion by Judge W. Fletcher

## SUMMARY[*]

### Forum Selection Clause

The panel reversed the district court's dismissal of an action on the basis of a forum selection clause in the parties' Asset Purchase Agreement.

The panel applied the decision in *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018), which was decided after the district court decision in this case, and *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). The panel held that the district court abused its discretion in enforcing the forum-selection clause that contravened the strong public policy announced by Idaho Code § 29-110(1), and was therefore unenforceable; and remanded so that the district court could apply a traditional *forum non conveniens* balancing analysis. The panel clarified that satisfaction of *Bremen*'s public policy factor continues to suffice to render a forum-selection clause unenforceable.

### COUNSEL

Kim J. Trout (argued), Trout Law PLLC, Boise, Idaho, for Plaintiff-Appellant.

Jason E. Prince (argued) and Brett C. Ruff, Holland & Hart LLP, Boise, Idaho, for Defendants-Appellees.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

W. FLETCHER, Circuit Judge:

Gemini Technologies, Inc. ("Gemtech") is an Idaho-based manufacturer of gun silencers. In 2017, Smith & Wesson Corp. and parent company American Outdoor Brands Corp. (collectively "Smith & Wesson") offered to purchase Gemtech's assets. Gemtech accepted and entered into an Asset Purchase Agreement with Smith & Wesson. The Agreement contained a forum-selection clause requiring "any action or proceeding arising out of or relating to this Agreement" to be brought in Delaware. Gemtech subsequently sued Smith & Wesson for breach of the Agreement in Idaho federal district court. The district court enforced the forum-selection clause and dismissed the action. On appeal, Gemtech argues that the forum-selection clause is unenforceable because it contravenes the strong public policy declared by Idaho Code § 29-110(1). Applying our decision in *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018) ("*Advanced China Healthcare*"), decided after the district court ruled in this case, we agree. We reverse and remand.

## I. Background

In January 2018, Gemtech filed a diversity action against Smith & Wesson in the United States District Court for the District of Idaho alleging breach of contract. In the Asset Purchase Agreement, Smith & Wesson promised to make two payments to Gemtech, a cash payment and an earn-out payment. According to Gemtech's complaint, Smith & Wesson breached the Agreement in several material respects

that "violated, nullified, and significantly impaired the cash payments and the earn-out payments to Gemtech."

On February 21, 2018, Smith & Wesson moved to dismiss the action because of the forum-selection clause in the Agreement.  That clause provides, in relevant part:

> Each party hereto irrevocably submits to the jurisdiction of the Circuit Court of the state of Delaware, in any action or proceeding arising out of or relating to this Agreement or any of the Collateral Agreements, and each party hereby irrevocably agrees that all claims in respect of any such action or proceeding must be brought and/or defended in such court.

Smith & Wesson argued that Gemtech's action should be dismissed on *forum non conveniens* grounds in accordance with *Atlantic Marine Construction Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013) ("*Atlantic Marine*").

In *Atlantic Marine*, the Supreme Court addressed the procedures available to a civil defendant seeking to enforce a valid forum-selection clause.  The Supreme Court held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id*. at 60.  Ordinarily, a district court considering a *forum non conveniens* motion "must evaluate both the convenience of the parties and various public-interest considerations." *Id*. at 62.  When the parties' contract contains a valid forum-selection clause, however, a district court must "adjust" its analysis. *Id*. at 63.  The plaintiff then "bears the burden" of establishing that transfer is

unwarranted, and the district court "should not consider arguments about the parties' private interests." *Id*. at 63–64. In other words, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. at 52.

Gemtech argued that the district court should not enforce the forum-selection clause under *Atlantic Marine* because the clause is invalid and unenforceable. Surprisingly, Gemtech did not rely on the fact that "Circuit Court of the state of Delaware" is a misnomer; there is no such court in Delaware. We thus do not address that argument on appeal. Instead, Gemtech has consistently argued that the forum-selection clause does not control because it contravenes the strong public policy declared by Idaho Code § 29-110(1), which provides:

> Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals, or which limits the time within which he may thus enforce his rights, *is void as it is against the public policy of Idaho*. Nothing in this section shall affect contract provisions relating to arbitration so long as the contract does not require arbitration to be conducted outside the state of Idaho.

Idaho Code § 29-110(1) (emphasis added). Gemtech cites to *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("*Bremen*"), for the proposition that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement

would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

The district court concluded that the forum-selection clause is valid and enforceable. The court reasoned that the Agreement's forum-selection clause is valid because it is not the product of "fraud, duress, misrepresentation, or other misconduct" under "general contract law" and enforceable because there are "no exceptional circumstances" precluding its enforcement. The district court did not give any weight to Idaho Code § 29-110(1) or engage in a *Bremen* public policy analysis. The court justified its approach by explaining that "Gemtech must point to something more than just the statute itself to warrant ignoring the forum selection clause, because if Idaho Code § 29-110(1) was determinative, striking down the forum selection clause would be *routine* rather than extraordinary, standing *Atlantic Marine* on its head." The district court then dismissed the action in accordance with *Atlantic Marine*. Gemtech timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II. Discussion

"We review a district court's dismissal of a complaint for failure to comply with a valid and enforceable forum-selection clause for abuse of discretion." *Advanced China Healthcare*, 901 F.3d at 1086 (citing *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (per curiam)). Gemtech argues (a) that the district court abused its discretion when it declined to consider Gemtech's public policy argument and (b) that the forum-selection clause is unenforceable because it contravenes Idaho public policy. In light of our decision in *Advanced China Healthcare*, we agree as to both points.

### A.  The District Court Abused its Discretion

Roughly forty years before *Atlantic Marine*, the Supreme Court held in *Bremen* that a forum-selection clause is "prima facie valid" and "should control absent a strong showing that it should be set aside."  407 U.S. at 10, 15.  Specifically, the Court held that a district court should enforce a forum-selection clause unless the party challenging the clause can show "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Id*. at 15.  The Court added that a contractual forum-selection clause is "unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."  *Id*.

The district court effectively concluded that *Bremen*'s public policy factor is no longer good law after *Atlantic Marine*.  *Atlantic Marine* does not support that conclusion. The Court in *Atlantic Marine* hardly discussed *Bremen*.  To the extent that it did, it reaffirmed *Bremen*'s core holding that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."  *Atlantic Marine*, 571 U.S. at 63 (alteration in original) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring) (citing to *Bremen*, 407 U.S. at 10)). Unsurprisingly then, our sister circuits have consistently held that *Bremen* continues to provide the law for determining the validity and enforceability of a forum-selection clause.  *See, e.g.*, *Azima v. RAK Inv. Auth.*, — F.3d —, 2019 WL 2508987, at *3 (D.C. Cir. 2019) ("We presume that a mandatory forum-selection clause is legally valid and enforceable absent a 'strong showing' [under one of the *Bremen* factors]." (internal quotation omitted)); *Barnett v. DynCorp Int'l,*

*L.L.C.*, 831 F.3d 296, 304 (5th Cir. 2016) (considering "whether the clause's enforcement would contravene a strong public policy of Texas")*; Martinez v. Bloomberg LP*, 740 F.3d 211, 228 (2d Cir. 2014) ("We decline to enforce a forum selection clause under *Bremen* if . . . enforcement contravenes a strong public policy of the forum in which suit is brought[.]" (internal quotation omitted)); *see also Reading Health Sys. v. Bear Sterns & Co.*, 900 F.3d 87, 97 (3d Cir. 2018) ("Nothing in *Atlantic Marine* disturbs the long-standing body of law clarifying that a court need not transfer an action based on a forum-selection clause if the clause is invalid (i.e., an enforceability challenge).").

After the district court ruled, we issued our opinion in *Advanced China Healthcare.* Like our sister circuits, we held that *Bremen* remains good law. We noted that "*Atlantic Marine* provides little guidance . . . regarding what constitutes an 'exceptional reason' or 'extraordinary circumstances' in which courts should not give controlling weight to a valid forum-selection clause." 901 F.3d at 1088. We therefore turned to *Bremen*'s holding that a forum-selection clause is "controlling unless the plaintiff made a strong showing that: (1) the clause is invalid due to 'fraud or overreaching,' (2) '*enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision*,' or (3) 'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court.'" *Id*. (alteration in original) (emphasis added) (quoting *Bremen*, 407 U.S. at 15, 18).

The district court did not consider Gemtech's public policy argument under factor (2). This failure was an abuse of discretion. *See Casey v. Albertson's Inc.*, 362 F.3d 1254,

1257 (9th Cir. 2004) ("A district court abuses its discretion if it does not apply the correct law[.]").  Applying *Advanced China Healthcare* and *Bremen*, we conclude that Gemtech's public policy argument has merit, for the reasons discussed below.

### B.  The Forum-Selection Clause is Unenforceable

In *Advanced China Healthcare*, Yei Sun, Liping Sun, and Haiming Sun entered into two Preference Share Purchase Agreements after Alicia Kao persuaded them to invest $2.8 million in her company, Advanced China Healthcare. 901 F.3d at 1084–85.  The meeting between the Suns and Kao occurred in Washington state, but the Agreements contained a forum-selection clause requiring adjudication of all disputes in California.  *Id*.  The Suns later sued Kao and Advanced China Healthcare for fraud in Washington district court under the Washington State Securities Act ("WSSA").  *Id*. at 1085. The district court dismissed the complaint based on the forum-selection clause, and on appeal, the Suns argued that the forum-selection clause was "not valid and enforceable because their action under the WSSA embodies an important public policy that cannot be waived."  *Id*. at 1086.  As evidence of Washington's public policy, the Suns relied on two Washington court cases as well as the antiwaiver provision in the WSSA, which provides that "[a]ny condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this chapter or any rule or order hereunder is void."  *Id*. a 1089–90 (quoting Wash. Rev. Code § 21.20.430(5)).  We affirmed on appeal because neither of the Washington cases that the Suns cited was "sufficiently on point" and because we had previously held that "an antiwaiver provision by itself does not supersede a forum-selection clause."  *Id*. at 1090.  In

short, although we reaffirmed the continued vitality of *Bremen*'s public policy factor, we rejected the Suns's public policy argument because they did not identify a Washington "statute or judicial decision that clearly states such a strong public policy." *Id*. (citing to *Doe 1*, 552 F.3d at 1078–79, 1081).

Gemtech, in contrast, has identified an Idaho statute that clearly states a strong public policy. Idaho Code § 29-110(1) provides: "Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract in Idaho tribunals . . . is void as it is against the public policy of Idaho." Unlike the antiwaiver statute in *Advanced China Healthcare*, the plain language of Idaho Code § 29-110(1) declares a strong "public policy of Idaho." This clear statutory declaration suffices under *Bremen*'s public policy factor, which requires that the policy be declared "by statute *or* by judicial decision." 407 U.S. at 15 (emphasis added). Smith & Wesson does not dispute that Idaho Code § 29-110(1) encompasses the forum-selection clause at issue here.

A final issue is whether satisfaction of *Bremen*'s public policy factor suffices to render the forum-selection clause unenforceable. Prior to *Atlantic Marine*, we treated a strong showing under any one of the *Bremen* factors as sufficient grounds for not enforcing a forum-selection clause. For example, in *Doe 1*, 552 F.3d 1077, we held that a forum-selection clause was unenforceable against California residents bringing class action claims under California's Consumers Legal Remedies Act ("CLRA") because a California Court of Appeal had declared that such a clause contravenes "California public policy against consumer class action waivers and waivers of consumer rights under the

CLRA[.]" *Id*. at 1084. In *Advanced China Healthcare*, we did not unequivocally decide whether *Atlantic Marine* altered the weight to be given to the *Bremen* factors. We therefore take the opportunity to clarify that satisfaction of *Bremen*'s public policy factor continues to suffice to render a forum-selection clause unenforceable. *Bremen* held that "[a] contractual choice-of-forum clause should be held unenforceable *if* enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." 407 U.S. at 15 (emphasis added). We have found nothing in *Atlantic Marine* that compels a different rule.

Accordingly, we hold that the forum-selection clause in the Agreement between Gemtech and Smith & Wesson is unenforceable under *Advanced China Healthcare* and *Bremen* because enforcement would contravene a strong public policy of Idaho, as declared by Idaho Code § 29-110(1).

Our holding does not, as the district court suggests, "stand[] *Atlantic Marine* on its head" by making the invalidation of forum-selection clauses "routine rather than extraordinary." As a preliminary matter, we are aware of only four other states—Montana, North Dakota, Oklahoma, and North Carolina—that have statutes similar to Idaho's. *See* Mont. Code Ann. § 28-2-708; N.D. Cent. Code Ann. § 9-08-05; Okla. Stat. Ann. tit. 15, § 216; N.C. Gen. Stat. Ann. § 22B-3. We express no opinion on whether these statutes would render a forum-selection clause unenforceable. But either way, successful public policy challenges to forum-selection clauses based on statutes similar to Idaho's are bound to be far from routine.

The main flaw with the district court's analysis, however, is that it disregards part of *Bremen*'s holding.  Even if we had concluded (which we have not) that *Atlantic Marine*'s reasoning undermines *Bremen*, only the Supreme Court has the prerogative to overrule or modify *Bremen*.  *See Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989).  *Atlantic Marine* did not overrule *Bremen.*  As we held in *Advanced China Healthcare*, *Bremen* is readily harmonized with *Atlantic Marine* because *Bremen* provides guidance regarding the "extraordinary circumstances" in which a forum-selection clause will not control.  *Advanced China Healthcare*, 901 F.3d at 1088.

We hold that the forum-selection clause at issue here contravenes the strong public policy announced by Idaho Code § 29-110(1) and is therefore unenforceable.  We reverse and remand so that the district court may apply a traditional *forum non conveniens* balancing analysis.

**REVERSED and REMANDED with instructions.**