**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NOELLE LEE, derivatively on behalf of The Gap, Inc,

*Plaintiff-Appellant*,

v.

ROBERT J. FISHER; SONIA SYNGAL; ARTHUR PECK; AMY BOHUTINSKY; AMY MILES; ISABELLA D. GOREN; BOB L. MARTIN; CHRIS O'NEILL; ELIZABETH A. SMITH; JOHN J. FISHER; JORGE P. MONTOYA; MAYO A. SHATTUCK III; TRACY GARDNER; WILLIAM S. FISHER; DORIS F. FISHER; THE GAP, INC., Nominal Defendant,

*Defendants-Appellees.*

No. 21-15923

D.C. No. 3:20-cv-06163-SK

OPINION

Appeal from the United States District Court for the Northern District of California Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted April 14, 2022 San Francisco, California

Filed May 13, 2022

Before:  RICHARD R. CLIFTON and MILAN D. SMITH,
JR., Circuit Judges, and CHRISTINA REISS,[*]
District Judge.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[**]

### Forum Selection

The panel affirmed the district court's dismissal of Noelle Lee's shareholder derivative action alleging that The Gap, Inc. and its directors (collectively, Gap) failed to create meaningful diversity within company leadership roles, and that Gap made false statements to shareholders in its proxy statements about the level of diversity it had achieved.

The district court dismissed the complaint based on its application of the doctrine of *forum non conveniens*, holding that Lee was bound by the forum-selection clause in Gap's bylaws, which requires any derivative action to be adjudicated in the Delaware Court of Chancery.

Lee conceded that the forum-selection clause is valid and, by its terms, applies to her lawsuit.  Accordingly, the only question before this court was whether the clause is enforceable.  Applying the doctrine of *forum non*

---

[*] The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

*conveniens*, the panel wrote that a forum-selection clause creates a strong presumption in favor of transferring a case, that the plaintiff bears the burden to establish that transfer is unwarranted, and that the district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer. Noting that Lee did not contend that the forum-selection clause is invalid due to fraud, nor that litigating her derivative claim in the Delaware forum would be gravely difficult, the panel considered only the second factor derived from *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)—whether enforcement of the clause would contravene strong public policy. The panel held that Lee did not meet her burden to show that enforcing Gap's forum-selection clause contravenes federal public policy, rejecting as unavailing the evidence Lee identified as supporting her position: the Securities Exchange Act's antiwaiver provision and exclusive federal jurisdiction provision, Delaware state caselaw, and a federal court's obligation to hear cases within its jurisdiction. The panel therefore concluded that the district court did not abuse its discretion in dismissing the complaint.

**COUNSEL**

Yury A. Kolesnikov (argued) and Francis A. Bottini Jr., Bottini & Bottini Inc., La Jolla, California, for Plaintiff-Appellant.

Roman Martinez (argued), Susan E. Engel, and Michael Clemente, Latham & Watkins LLP, Washington, D.C.; Elizabeth L. Deeley and Morgan E. Whitworth, Latham & Watkins LLP, San Francisco, California; William J. Trach, Lathan & Watkins LLP, Boston, Massachusetts; for Defendants-Appellees.

**OPINION**

M. SMITH, Circuit Judge:

Plaintiff Noelle Lee brought a shareholder derivative action alleging that The Gap, Inc. and its directors (collectively, Gap) failed to create meaningful diversity within company leadership roles, and that Gap made false statements to shareholders in its proxy statements about the level of diversity it had achieved. Gap's bylaws contain a forum-selection clause that requires "any derivative action or proceeding brought on behalf of the Corporation" to be adjudicated in the Delaware Court of Chancery. Notwithstanding the forum-selection clause, Lee brought her derivative lawsuit in a federal district court in California, alleging a violation of Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), along with various state law claims. The district court dismissed Lee's complaint based on its application of the doctrine of *forum non conveniens*, holding that she was bound by the forum-selection clause. We affirm the district court because Lee

has not carried her heavy burden to show that Gap's forum-selection clause is unenforceable.

## FACTUAL AND PROCEDURAL BACKGROUND

Section 14(a) and its implementing regulation, Securities Exchange Commission Rule 14a-9, prohibit material misstatements or omissions in a proxy statement. 15 U.S.C. § 78n(a); 17 C.F.R. § 240.14a-9(a). Section 14(a) may be enforced by direct actions, in which shareholders assert their own rights, or by derivative actions, in which shareholders assert the rights of the corporation. Federal courts have exclusive jurisdiction over these claims, 15 U.S.C. § 78aa, but Gap's bylaws include a forum-selection clause designating the Delaware Court of Chancery as the exclusive forum for all derivative claims. Gap acknowledges that if its forum-selection clause is enforced, Lee will not be able to bring her derivative Section 14(a) claim in the Delaware Court of Chancery. *See* 15 U.S.C. § 78aa.

Defendants moved to dismiss this action based on the doctrine of *forum non conveniens*, citing Gap's forum-selection clause. The district court agreed that the clause was enforceable and dismissed the lawsuit. On appeal, Lee argues that Gap's forum-selection clause violates public policy and is unenforceable because it prevents her from bringing a derivative Section 14(a) claim in any court.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal of a complaint for failure to comply with an enforceable forum-selection clause. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018).

## ANALYSIS

### I.

Lee concedes that Gap's forum-selection clause is valid and, by its terms, applies to her lawsuit. Accordingly, the only question before us is whether the clause is enforceable. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). In a "typical case not involving a forum-selection clause," courts evaluate factors such as convenience of the parties when conducting a *forum non conveniens* analysis. *Id.* at 62–63. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). A forum-selection clause, therefore, creates a strong presumption in favor of transferring a case, and the plaintiff "bears the burden" to establish that transfer is unwarranted. *Id.*

In *Atlantic Marine*, the Supreme Court established the general rule that "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 52.[1] The Court did not define the term "extraordinary circumstances" in *Atlantic Marine*, and so we looked to its earlier decision in *M/S Bremen v. Zapata Off-Shore Co.*,

---

[1] Although the Supreme Court set forth this rule in context of a 28 U.S.C. § 1404(a) motion to transfer, "the same standards should apply to motions to dismiss for *forum non conveniens*" even though "a successful motion under *forum non conveniens* requires dismissal of the case." *See Atl. Marine*, 571 U.S. at 66 n.8.

407 U.S. 1 (1972) for guidance. *See Advanced China Healthcare*, 901 F.3d at 1088; *see also Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 914–15 (9th Cir. 2019). From *Bremen*, we identified three general principles that establish extraordinary circumstances, namely: (1) when the forum-selection clause is invalid because of "fraud or overreaching," (2) when enforcement of the clause "would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) when the forum would be "so gravely difficult and inconvenient" that the plaintiff "will for all practical purposes be deprived of his day in court." *Advanced China Healthcare*, 901 F.3d at 1088 (quoting *Bremen*, 407 U.S. at 15, 18).

On appeal, Lee does not contend that the forum-selection clause is invalid due to fraud, nor that litigating her derivative claim in the Delaware forum would be gravely difficult. Therefore, we consider only the second *Bremen* factor and ask whether enforcement of the clause would contravene strong public policy. We have developed a straightforward test to decide whether a forum-selection clause contravenes public policy. *See Advanced China Healthcare*, 901 F.3d at 1090; *Gemini Techs*, 931 F.3d at 915–16. First, we look to "the forum in which suit is brought." *Advanced China Healthcare*, 901 F.3d at 1090. Then we determine whether the plaintiff has identified "a statute or judicial decision" in that forum that "clearly states" strong public policy rendering the clause unenforceable. *Id.*

## II.

Lee brought her lawsuit in a federal forum and identified the following as evidence of clear public policy supporting her position: (1) the Exchange Act's antiwaiver provision, 15 U.S.C. § 78cc(a); (2) the Exchange Act's exclusive

federal jurisdiction provision, 15 U.S.C. § 78aa; (3) Delaware state caselaw; and (4) a federal court's obligation to hear cases within its jurisdiction. Lee has not met her burden to show that the forum-selection clause is unenforceable.

Lee first points to the Exchange Act's antiwaiver provision as proof of strong public policy. This argument is unavailing because "the strong federal policy in favor of enforcing forum-selection clauses . . . supersede[s] antiwaiver provisions in state statutes as well as federal statutes, regardless whether the clause points to a state court, a foreign court, or another federal court." *Advanced China Healthcare*, 901 F.3d at 1090. Unlike the provision the plaintiffs in *Gemini* identified, explicitly stating any waiver of statutory rights "is void as it is against the public policy of Idaho," 931 F.3d at 916, the Exchange Act's antiwaiver provision does not contain a clear declaration of federal policy.

Similarly, the Exchange Act's exclusive federal jurisdiction provision, 15 U.S.C. § 78aa, does not provide us with a clear statutory declaration. That section states: "[t]he district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter." 15 U.S.C. § 78aa. It further provides that "[a]ny suit or action . . . may be brought in any such district or in the district wherein the defendant is found." *Id.* By its terms, this section forbids non-federal courts from adjudicating Section 14(a) claims. Gap's bylaws do not force the Delaware Court of Chancery to adjudicate Lee's derivative Section 14(a) claim. Rather, the bylaws result in this claim being dismissed in federal court. Therefore, enforcement of the forum-selection clause

does not violate any express statutory policy of the Exchange Act's exclusive federal jurisdiction provision. Moreover, the Supreme Court has held that the Exchange Act's exclusivity provision is waivable. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 228 (1987) (explaining that "[b]ecause [the Exchange Act's exclusive jurisdiction provision] does not impose any statutory duties, its waiver does not constitute a waiver of 'compliance with any provision' of the Exchange Act.").

Lee also identifies Delaware caselaw in support of her public policy argument, citing *Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934 (Del. Ch. 2013). Defendants contend that "Delaware law is irrelevant" to our inquiry because it is not federal law. It is true that we look for a strong public policy reflected in judicial decisions and statutes from "the forum in which suit is brought." *Advanced China Healthcare*, 901 F.3d at 1090 (quoting *Bremen*, 407 U.S. at 15). However, the law of the forum identified in the forum-selection clause is not "irrelevant" in determining whether the clause is enforceable. For example, under the second prong of the *Bremen* test, we consider the law of the forum identified in the forum-selection clause to determine whether plaintiffs have some "reasonable recourse" in that forum. *See Advanced China Healthcare*, 901 F.3d at 1089 & n.6 ("We note that we would give more weight to Washington's public policy interests if plaintiffs would be denied any relief in a California forum."). If Lee identified Delaware law clearly stating that she could not get any relief in the Delaware Court of Chancery, we would have little trouble considering the effect of that law as part of our public policy analysis. She has not done so.

In her reply brief, Lee cites the Seventh Circuit's recent decision in *Seafarers Pension Plan ex rel. Boeing Co. v. Bradway*, 23 F.4th 714 (7th Cir. 2022). In *Seafarers*, a divided panel held that an identical Boeing forum-selection clause was unenforceable because it was "contrary to Delaware corporation law and federal securities law." *Id.* at 718. The Seventh Circuit held that Section 115 of the Delaware General Corporation Law, 8 Del. Code § 115, "reject[ed] Boeing's use of its forum bylaw to foreclose entirely plaintiff's derivative action under Section 14(a)." *Id.* at 720. Although the bulk of the Seventh Circuit's reasoning focused on Delaware law, the court also held that Boeing's bylaw violated the Exchange Act's antiwaiver provision. *Id.* at 727. Lee did not identify Section 115 of Delaware corporate law in the district court or in her opening brief on appeal, and so has waived any reliance on that provision. Moreover, for the reasons previously discussed, our binding precedent forecloses reliance on the Exchange Act's antiwaiver provision. *See Advanced China Healthcare*, 901 F.3d at 1089–90.

Finally, Lee argues that federal courts have a "virtually unflagging obligation" to hear cases within their exclusive jurisdiction, citing abstention doctrine cases. *See, e.g.*, *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But this obligation is overcome by the strong presumption in favor of enforcing forum-selection clauses "regardless whether the clause points to a state court, a foreign court, or another federal court." *Advanced China Healthcare*, 901 F.3d at 1090.

## CONCLUSION

Lee has not met her heavy burden to show that enforcing Gap's forum-selection clause contravenes strong federal

public policy. We therefore conclude that the district court did not abuse its discretion in dismissing the complaint.

**AFFIRMED.**