Filed 5/29/25  Pelascini v. Airstream CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRIAN PELASCINI et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>AIRSTREAM, INC. et al.,<br><br>        Defendants and Respondents. | A169686<br><br>(Solano County<br>Super. Ct. No. CU23-01803) |

Brian and Annika Pelascini sued motor home manufacturer Airstream, Inc. and AANW, Inc., an authorized Airstream dealership (collectively, Airstream), alleging breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.; Song-Beverly Act; undesignated statutory references are to this code) and the Consumers Legal Remedies Act (§ 1750 et seq.; CLRA).  The trial court stayed the action because the parties signed an agreement containing a forum selection clause that required warranty disputes to be litigated in Ohio.  The court reasoned the clause would not diminish the Pelascinis' substantial rights under the Song-Beverly Act and CLRA because Airstream offered to stipulate the statutory schemes would apply to the Pelascinis' claims in Ohio state court.

The Pelascinis appeal, arguing an offered (but unaccepted) stipulation expressing Airstream's willingness to apply California law in Ohio cannot

1

render the forum selection clause valid or make it consistent with public policy. Moreover, rather than severing a choice-of-law provision, the trial court should have found the entire forum selection clause void. We agree and reverse.

## BACKGROUND

The Pelascinis purchased a new Airstream motor home in May 2022 from AANW. They signed a document titled "2022 Interstate Limited Warranty" (limited warranty) containing a "Legal Remedies" provision. (Some capitalization omitted.) In it was a forum selection clause requiring that "disputes relating to alleged breach of express warranty and breach of implied warranties" be litigated in Ohio. (Capitalization omitted.) Additionally, the clause provided Ohio law governs "all claims, controversies, and causes of action arising out of or relating to this limited warranty," "without giving effect to any conflict of law rule that would result" in applying the laws of a different jurisdiction. (Capitalization omitted.)

The Pelascinis later identified defects with the motor home that Airstream repair facilities failed to address. They requested Airstream either replace the motor home or provide them with a refund. Airstream did not respond. Months later, it rejected the demand to repurchase the motor home. The Pelascinis sued, alleging violations of the CLRA and Song-Beverly Act.

Airstream moved to stay the action on inconvenient forum grounds, arguing the limited warranty required the parties to litigate the claims in Ohio. (Code Civ. Proc., § 410.30.) It conceded the rights under the Song-Beverly Act and CLRA were unwaivable. But it offered to stipulate that "the [Song-Beverly Act] and the [CLRA] will apply to Plaintiffs' claims as pled in their Complaint and (2) that [respondents] will not oppose a request that the Ohio court utilize the [Song-Beverly Act] and the [CLRA] to adjudicate those

2

allegations if permitted to go forward." The Pelascinis argued the forum selection clause was unenforceable because Airstream had not demonstrated the unwaivable California claims would be applied in Ohio, the provision was unconscionable, and Airstream could not impose nonwarranty obligations — such as forum selection clauses — in a written warranty. According to the Pelascinis, the offer to stipulate did not cure these issues because it could not change the written agreement.

The trial court granted Airstream's motion to stay after finding it demonstrated that litigating the Pelascinis' claims in a foreign forum would not diminish their substantive rights under California law. The stipulation, the court observed, required the Ohio state court to apply California law, and there was no indication Ohio laws would render the stipulation unenforceable. The court also noted Airstream's comment during oral argument that no Ohio court had refused to honor comparable stipulations submitted in the approximately 30 to 35 cases that had been transferred based on the same forum selection clause. But it determined that, while the forum selection clause was not procedurally or substantively unconscionable, the *choice-of-law* provision was substantively unconscionable because it resulted in the loss of unwaivable California rights. It severed that provision and enforced the remainder. The court noted that, by staying the action and not dismissing it, it retained personal jurisdiction over the parties.

## DISCUSSION

### I.

The Pelascinis contend the trial court erroneously determined Airstream's offer to stipulate regarding the limited warranty's choice-of-law provision — agreeing the Song-Beverly Act and CLRA would apply to the Pelascinis' claims and to not oppose a request to enforce those acts in Ohio

3

court — demonstrated enforcement of the forum selection clause would not diminish their rights. (*Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 147 (*Verdugo*); *Hall v. Superior Court* (1983) 150 Cal.App.3d 411, 416 [determining "the validity of the choice of law provision is prerequisite to a determination of whether the forum selection clause should be enforced"].) We agree.

A party may enforce a contractual forum selection clause by moving to dismiss a complaint and arguing the action should be heard in a forum outside this state. (Code Civ. Proc., § 410.30, subd. (a); *Drulias v. 1st Century Bancshares, Inc.* (2018) 30 Cal.App.5th 696, 703.) If the trial court finds it is in the interest of substantial justice that an action be heard in a foreign forum, it must stay or dismiss the action in whole or in part. (Code Civ. Proc., § 410.30, subd. (a).) Ordinarily, courts give effect to forum selection clauses "unless enforcement would be unreasonable or unfair"— expense and inconvenience are insufficient to demonstrate unreasonableness. (*Verdugo*, *supra*, 237 Cal.App.4th at p. 147.) The party opposing enforcement must demonstrate why it should not be enforced, a substantial burden. (*Ibid*.)

But courts will not enforce a forum selection clause if it "would substantially diminish the rights of California residents in a way that violates" California public policy. (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 12 (*America Online*).) Thus, when the claims to be litigated "are based on unwaivable rights created by California statutes," the party seeking to enforce the clause must demonstrate the litigation "in the contractually designated forum 'will not diminish in any way the substantive rights'" under California law. (*Verdugo*, *supra*, 237 Cal.App.4th at p. 147.) That is, the defendant must demonstrate "the foreign forum provides the same or greater rights than California, or the foreign forum will apply

4

California law on the claims at issue." (*Id.* at p. 157.) Orders enforcing forum selection clauses are reviewed for an abuse of discretion — "whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered." (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598; *Verdugo*, at p. 148.) But we independently review whether the court used the correct legal standard when exercising its discretion. (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.)

As a preliminary matter, there is no dispute the forum selection clause fails to conform to California public policy. The invoked acts — the CLRA, which prohibits unfair competition and unfair or deceptive practices for sale of consumer goods or services transactions, and the Song-Beverly Act, which strictly limits "when a manufacturer may disclaim" implied warranties and ensures they fulfill express warranties — convey unwaivable rights.[1] (*Rheinhart v. Nissan North America, Inc.* (2023) 92 Cal.App.5th 1016, 1024; *Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1249; *America Online*, *supra*, 90 Cal.App.4th at p. 10 [CLRA rights are unwaivable]; § 1790.1 [purchaser's waiver of the provisions of the Song-Beverly Act is contrary to public policy, "and shall be unenforceable and void"].) Nor is there any dispute that the forum selection clause, as written, forces the Pelascinis to forgo these claims. It contains an Ohio choice-of-law provision for resolving causes of action and disavows any conflict of law analysis that would result in the application of California law. (*America Online*, at p. 15 [forum selection clause containing a Virginia choice-of-law

---

[1] We do not understand the Pelascinis as arguing they have an unwaivable right to a California forum, as Airstream suggests. Accordingly, we deny as irrelevant the request for judicial notice of legislative history on that point. (*Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482.)

provision unenforceable since that state lacks consumer protections comparable to those in California].) Moreover, as the trial court found, Airstream did not even attempt "to make any comparison between California and Ohio laws to establish that enforcement of the forum selection clause would not violate California's public policy."

We agree with the Pelascinis that Airstream's offer to stipulate fails to salvage the forum selection clause. A proposed stipulation not to enforce a statutory waiver is "an unaccepted offer." (*The Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784, 794, review granted Feb. 11, 2025, S288469.) The Pelascinis did not accept Airstream's offer, and a "court order could not transform it into a binding modification or stipulation." (*Ibid.*)

Moreover, contrary to Airstream's assertion, we cannot find any case law establishing a party's unaccepted offer to stipulate to apply California law satisfies its burden to demonstrate litigation in the foreign forum will not diminish substantive rights. *Verdugo* — rejecting enforcement of a forum selection clause containing a choice-of-law provision that would result in the loss of unwaivable labor rights — upon which Airstream primarily relies, did not involve the parties' stipulation to apply California law when litigating claims in Texas state court. (*Verdugo, supra*, 237 Cal.App.4th at pp. 159, 162.) Nothing indicates there was even an offer to stipulate. *Verdugo* simply observed in passing that the employer's "failure to stipulate that California law applies, coupled with its efforts to minimize the significance of the public policy underlying" the rights at issue, undermined the employer's assertion a Texas court would *likely* apply California law. (*Id.* at p. 159.)

Nor do any of the other cases Airstream cites involve a mere offer to so stipulate. They simply repeat the statement in *Verdugo* (see, e.g., *Rheinhart v. Nissan North America, Inc.*, *supra*, 92 Cal.App.5th at p. 1033; *Handoush v.*

6

*Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729, 736) or reference another opinion that expressly did not decide whether parties' stipulation to litigate future disputes in a foreign forum and apply California law satisfied a defendant's burden to enforce a forum selection clause (see, e.g., *Hall v. Superior Court, supra*, 150 Cal.App.3d at p. 419 [noting counsel rejected stipulating to apply California law in a Nevada court, but did not decide the issue since it was not before the court]; *America Online, supra*, 90 Cal.App.4th at p. 14, fn. 7 [repeating holding in *Hall*]; *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.* (1995) 32 Cal.App.4th 1511, 1521 [same]). These cases were not presented with, nor reflect a thorough analysis of, the issue here. Consequently, they are " 'not authority for a proposition not considered.' " (*Verdugo, supra*, 237 Cal.App.4th at p. 153; *Donorovich-Odonnell v. Harris* (2015) 241 Cal.App.4th 1118, 1139.)

Airstream's reliance on case law and statutes reflecting that Ohio state courts enforce postdispute stipulations to apply the law of other states is similarly unavailing. Those cases addressed bilateral, completed agreements, not unilateral, unaccepted stipulations. (*Powell v. Airstream, Inc.* (Ohio Ct.App. 2019) 140 N.E.3d 1172, 1176; *Von Stein v. Brandenburg* (Ohio Ct.App. 2023) 231 N.E.3d 642, 649, fn. 5; Ohio Rev. Code Ann., § 1301.301, subd. (A).) The series of unpublished federal opinions relied upon by Airstream — noting that stipulations to apply California law were sufficient to demonstrate consumer rights would be protected in foreign forums — also fail to persuade. Federal unpublished decisions are not binding authority, and they lack persuasive weight. (*People v. Brooks* (2017) 3 Cal.5th 1, 90.) Unlike California law, federal law requires the plaintiff, not the defendant, to demonstrate why a forum selection clause would contravene strong public policy of the forum in which the suit is brought. (*Gemini*

*Technologies, Inc. v. Smith & Wesson Corp*. (9th Circ. 2019) 931 F.3d 911, 915.)

In sum, the trial court erred by enforcing the forum selection clause based on Airstream's unaccepted offer to stipulate to apply the Song-Beverly Act and CLRA to the Pelascinis' claims in Ohio state court.[2] (*America Online*, *supra*, 90 Cal.App.4th at p. 12.)

## II.

Arguing in the alternative, the Pelascinis argue the forum selection clause is not enforceable because the trial court should have found it void after finding the choice-of-law provision substantively unconscionable.[3] In response, Airstream contends severing the provision was an appropriate exercise of the court's discretion under section 1670.5 because it eliminated

---

[2] In light of this conclusion, we need not address the Pelascinis' arguments that, even if they had accepted the stipulation, its terms would still fail to satisfy Airstream's burden of demonstrating their unwaivable California rights would not be diminished. Nor need we address Airstream's argument that, by staying the complaint rather than dismissing it, the trial court further protected the unwaivable claims in the event the Ohio court did not enforce the stipulation.

[3] We reject Airstream's alternative argument that the choice-of-law provision is not substantively unconscionable. On its face, the provision strips the Pelascinis of unwaivable rights, remedies, and claims by requiring them to "be interpreted and construed in accordance with the laws of the state of Ohio" (some capitalization omitted), and by providing all claims "shall be governed by the laws of the state of Ohio." (Some capitalization omitted.) Courts readily deem choice-of-law clauses unconscionable where they undermine California statutory protections. (*Samaniego v. Empire Today, LLC* (2012) 205 Cal.App.4th 1138, 1147.) At oral argument, Airstream's counsel noted the limited warranty later states, "This warranty gives you specific legal rights, and you may also have other rights which vary from state to state." (Some capitalization omitted.) We do not think this vague language modifies the specific and mandatory language in the choice-of-law provision.

8

any concerns that the stipulation might not protect the Pelascinis' unwaivable rights and saved what would otherwise be an unenforceable forum selection clause.[4] (*Armendariz v. Foundation Health Psychcare Services, Inc.*, *supra*, 24 Cal.4th at p. 122 [reviewing court's severing of unenforceable contract terms for abuse of discretion].) The Pelascinis have the better argument.

A court, after finding a contract provision unconscionable at the time it was made, "may refuse to enforce the contract," sever the provision and enforce the remainder of the contract, or "so limit the application of any unconscionable clause as to avoid any unconscionable result." (§ 1670.5, subd. (a).) But even assuming the forum selection clause "*can* be cured" through the offered stipulation or severing the choice-of-law provision — which we do not find — the unconscionability should not be cured through severance or restriction because it would not further the interests of justice. (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 516 (*Ramirez*) [articulating two-part inquiry for determining whether to sever unconscionable provisions in a contract]; *Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, 820 (*Lathrop*), review granted Jan. 15, 2025,

---

[4] We question, but need not decide, whether the trial court properly determined the forum selection clause is not unconscionable. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 [requiring procedural unconscionability — " ' "oppression" ' or ' "surprise" ' due to unequal bargaining power" — *and* substantive unconscionability — " ' "overly harsh" ' or ' "one-sided" ' results"].) Airstream does not dispute the limited warranty was adhesive, establishing "some degree of procedural unconscionability." (*Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 914–915.) And "[w]hen combined with the choice of law provision, the agreement purported to foreclose unwaivable rights. Since any attempt to do so is void under California law, that made the clause substantively unconscionable." (*Hardy v. Forest River, Inc.* (2025) 108 Cal.App.5th 450, 457, fn. 4, review granted Apr. 30, 2025, S289309.)

S287893 [offer to stipulate California law will apply in a foreign forum "was essentially a request the trial court sever the unenforceable portions" of the limited warranty "and enforce the remainder"].)

Airstream essentially concedes its standard warranty contains an unenforceable choice-of-law provision. It insists that altering it to comply with California's consumer protection statutes is "simply not possible."[5] Thus, only when sued does Airstream agree to apply the substantive law of the transferring jurisdiction. But by doing so, the stipulation only "protects the rights of plaintiffs who are savvy enough to obtain legal representation" and "argue the forum selection clause implicates their unwaivable statutory rights." (*Lathrop, supra,* 105 Cal.App.5th at p. 821.) Others "may be deterred from pursuing their claims at all." (*Id.*; *Ramirez, supra,* 16 Cal.5th at p. 517 [courts may consider deterrent effect of severing an unconscionable provision].) Accepting the proposed stipulation or severing the provision creates an incentive for Airstream to include this unenforceable provision in its warranty and hope that it will go unchallenged. (*Ramirez,* at pp. 516–517 [inquiry focuses on whether defect in the agreement, in part, "secure[s] a forum that works to the stronger party's advantage"].) Under these circumstances, the trial court should have refused to enforce the forum selection clause. (*Id.* at p. 517.)

In sum, we agree with our colleagues' reasoning in *Lathrop*, *The Comedy Store*, and *Hardy*, and we see no reason to depart from those decisions. We acknowledge the Supreme Court has granted review in those

---

[5] The limited warranty's terms belie this assertion. For example, it contains a consumer arbitration program noting members of the armed forces who purchased the vehicle in California, were stationed in, or a resident of California at the time of purchase may use the consumer arbitration program instead of litigating in Ohio.

cases and will resolve the issue in due course.[6]  (Cal. Rules of Court, rule 8.1115(e)(1) [authorizing citation to opinions pending review in the Supreme Court for persuasive, rather than binding authority].)  Given that, we will not spill further ink.

## DISPOSITION

The order is reversed and remanded.  The trial court is ordered to enter an order denying the motion to stay.  The Pelascinis are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278 (a).)

---

[6] The court ordered briefing in these matters deferred pending decision in *EpicentRx, Inc. v. Superior Court* (2023) 95 Cal.App.5th 890, review granted Dec. 13, 2023, S282521, which presents the following issue: "Is a forum selection clause enforceable when a party's right under California state law to a jury trial for their civil claims would not apply in the exclusive forum identified by the clause?"

11

_____

RODRÍGUEZ, J.

WE CONCUR:

_____

TUCHER, P. J.

_____

PETROU, J.

A169686; *Pelascini et al. v. Airstream, Inc. et al.*